## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PAUL McGUIRE, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.:  4:22-cv-00780-MTS |
| v. | ) ) | |
| AUTOASSURE, LLC, | ) ) | |
| Defendant. | ) | |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

NOW COME THE PARTIES, Plaintiff, Paul McGuire ("Plaintiff"), and Defendant, AutoAssure, LLC ("Defendant"), by and through their respective counsel, and for their Motion for Approval of FLSA Settlement, state as follows:

1.      Plaintiff filed a collective and class action seeking recovery for Defendant's alleged failure to pay overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law.

2.      Specifically, Plaintiff alleges that he was due overtime compensation by Defendant for work performed in excess of 40 hours in particular workweeks during his employment.

3.      On or about February 9, 2023, Plaintiff and Defendant reached mutually agreeable settlement terms and entered into a confidential settlement agreement regarding the claims currently pending in this case. A redacted copy of the Confidential Settlement Agreement and Release is attached hereto as **Exhibit A**.[1]

---

[1] The Parties have redacted only the financial amount of the settlement payment, which, if disclosed on the record, would defeat important purposes of the Settlement Agreement, which was to resolve the Parties' disputes and claims in a confidential manner, without requiring the Parties to disclose in a public record the specific financial terms of their confidential settlement, and to promote peace and finality for each side. The Parties have also filed an unredacted version of the Settlement Agreement as an exhibit to their Memorandum in Support of their Joint Motion to File the

4.      Defendant denies the substantive and collective allegations in the Complaint, and on the other hand, Plaintiff believes his claims have merit.

5.      Under the terms of the Confidential Settlement Agreement and Release, Defendant will pay Plaintiff a settlement sum in full satisfaction of his claims.

6.      If a settlement is not one supervised by the Department of Labor, the only other way for compromising FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. In such actions, the District Court, after scrutinizing the settlement for fairness, may approve the parties' settlement. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Circuit 1982).[2]

7.      "A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014).

8.      Among the factors the court may consider in evaluating the settlement's fairness are the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery. *Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV-00743-AGF, 2016 WL 1275598, at *2 (E.D. Mo. Apr. 1, 2016). Normally, the Court must also assess the reasonableness of the plaintiffs' attorneys' fees. *Id.*

---

Unredacted Settlement Agreement Under Seal.
[2] Although the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class, the Parties submit this motion in an abundance of caution. *See Boland v. Baue Funeral Home Co.*, No. 4:15-CV-00469 RLW, 2015 WL 7300507, at *1 (E.D. Mo. Nov. 18, 2015).

9.    The FLSA specifies compensation for both potential plaintiffs and their counsel. The statute states, in relevant part:

   i.    "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected *in the amount of their unpaid minimum wages, or their unpaid overtime compensation,* as the case may be, and in an *additional equal amount as liquidated damages* .... An action to recover the liability ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction.... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added).

10.    In this case, the parties' settlement fully complies with the requirements of the FLSA and pertinent case law. The settlement was negotiated at arms-length by counsel in the context of Plaintiff's lawsuit alleging FLSA violations, and thus provides sufficient assurance of an adversarial context. During this case, Defendant denied liability. This settlement represents compensation for Plaintiff during the relevant time period. The parties have agreed to settle this dispute through negotiation of counsel and have agreed upon the terms of payment based upon, *inter alia*, their respective assessment of the strengths and weaknesses of Plaintiff's claims and Defendant's defenses, the damages allegedly owed by Defendant to Plaintiff, and the risks and costs of moving forward with this litigation.

11.    Because Plaintiff has, at all times, been represented by counsel of his choice, and because the parties and their counsel agree that this settlement represents a fair and equitable resolution of the above styled action given the facts and evidence exchanged to date, Defendant

and Plaintiff respectfully requests that this Honorable Court enter an order[3] approving this settlement.

   WHEREFORE, Plaintiff and Defendant respectfully request that this Honorable Court enter a final order approving the settlement and dismissing this action with prejudice.

SAUL EWING, LLP

By:   */s/ Alexander L. Reich*

Steven N. Malitz *(pro hac vice)*
E. Jason Tremblay *(pro hac vice)*
Alexander L. Reich *(pro hac vice)*
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
(312)-876-7810
jason.tremblay@saul.com
alexander.reich@saul.com

*and*

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Zachary S. Merkle*
Zachary S. Merkle, # 68258MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
zmerkle@sandbergphoenix.com

**ATTORNEYS FOR AUTOASSURE, LLC**

BOHRER BRADY, LLC

/s/ *Phil Bohrer* (with consent)

Philip Bohrer
Bohrer Brady, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Direct: (225) 877-2322

---

[3] A proposed order is attached as **Exhibit B**.

*and*

STUEVE SIEGEL HANSON LLP

George A. Hanson, MO Bar #43450
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7115
Facsimile: (816) 714-7101
hanson@stuevesiegel.com

**ATTORNEYS FOR PLAINTIFF**

**<u>Certificate of Service</u>**

I hereby certify that on February 16, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Zachary S. Merkle*