## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "**Agreement**") is entered into by and between Paul McGuire ("**McGuire**") and AutoAssure LLC (the "**Company**") (McGuire and the Company are individually referred to herein as a "**Party**" and collectively referred to throughout this Agreement as the "**Parties**").

## RECITALS

**WHEREAS,** McGuire was employed by the Company as a sales representative from approximately August 2014 until October 2021;

**WHEREAS,** certain disputes arose between McGuire and the Company regarding, among other things, the payment of McGuire's wages;

**WHEREAS,** on or about July 25, 2022, McGuire filed a collective action complaint in the U.S. District Court for the Eastern District of Missouri, Case No. 4:22-cv-00780, alleging that he was owed wages pursuant to the Fair Labor Standards Act (FLSA) and the Missouri Minimum Wage Law (MWL) (the "**Complaint**");

**WHEREAS,** the Company denies the material allegations in the Complaint;

**WHEREAS,** the Parties wish to avoid the expense, disruption, and uncertainty of continued litigation under the terms and conditions exclusively set forth herein; and

**NOW, THEREFORE,** in consideration of the promises and of the releases, representations, covenants, and obligations herein contained, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. The Parties repeat and incorporate the foregoing recitals as if fully set forth herein.

2. <u>Definitions</u>. For purposes of this Agreement, the "Company" means AutoAssure LLC, its past, present and future trustees, parents, divisions, subsidiaries, partnerships, affiliates and related entities, as well as all their present, former and future officers, directors, employees, agents, attorneys, representatives, insurers, successors, and assigns. "McGuire" means Paul McGuire, his spouse, attorneys, agents, heirs, relatives, executors, administrators, personal representatives, and assigns.

3. <u>Release and Discharge of the Company</u>. In consideration for the promises of the Company contained in this Agreement, and as a material inducement for the Company to enter into this Agreement, McGuire, on behalf of himself, his spouse, children, heirs, relatives, executors, administrators, personal representatives, agents, and assigns, hereby voluntarily and irrevocably releases, acquits, and forever discharges the Company (as broadly defined above) from any and all claims, demands, damages, liabilities, debts, judgments, expenses, actions, and/or

1

causes of action or suits of any nature whatsoever, that McGuire may have had or may now have or could have in the future, whether known or unknown, whether anticipated or unanticipated, suspected or claimed, accrued or unaccrued, and whether damage has yet been suffered or not or unknown, which (i) were or could have been asserted by McGuire against the Company and/or (ii) are based on any other matter, cause, or thing whatsoever between the Company and McGuire, and/or (iii) relate in any way to the allegations contained in the Complaint and/or (iv) relate to or arise out of any aspect of the relationship between McGuire and the Company, at any time prior to the Effective Date of this Agreement.

(a) The release in this Paragraph includes, but is not limited to, common law claims, tort claims, warranty claims, claims for breach of contract, wages, pension or welfare benefits, vacation pay, severance pay, bonuses, or commission payments (whether earned by McGuire in accordance with the Company's standard policies and practices, based upon a procuring cause theory, quantum meruit, or any other basis), stock options, earnings of any kind, lost or reduced employment or fringe benefits, promissory or equitable estoppel, litigation expenses, court costs, attorneys' fees, employment reinstatement, equitable remedies, embarrassment suffered, emotional and/or mental distress, infringement of rights, wrongful demotion or discharge, medical expenses incurred, retaliation, compensatory damages, exemplary damages, punitive or liquidated damages claims, incidental or consequential damages, as well as statutory claims under the AGE DISCRIMINATION IN EMPLOYMENT ACT, OLDER WORKERS BENEFIT PROTECTION ACT, AMERICANS WITH DISABILITIES ACT, ADA AMENDMENTS ACT, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, WORKERS ADJUSTMENT RETRAINING AND NOTIFICATION ACT, EQUAL PAY ACT, NATIONAL LABOR RELATIONS ACT, EMPLOYEE RETIREMENT INCOME SECURITY ACT, CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT, FAIR LABOR STANDARDS ACT, FAMILY & MEDICAL LEAVE ACT, LILLY LEDBETTER FAIR PAY ACT OF 2009, ILLINOIS HUMAN RIGHTS ACT, ILLINOIS WAGE PAYMENT AND COLLECTION ACT, THE ILLINOIS WHISTLEBLOWER ACT, MISSOURI HUMAN RIGHTS ACT, MISSOURI MINIMUM WAGE LAW, each as amended, and any similar federal, state or local statutes, rules, regulations or ordinances. This waiver and general release shall also include, but not be limited to, any and all claims for reimbursement of McGuire's attorneys' fees and costs, except as provided in subsection (b) of this Paragraph.

(b) However, the release in this Paragraph 3 does not include (i) claims that by law cannot be waived, including the right to file a charge with an administrative agency or to participate in an agency investigation, including but not limited to the right to file a charge or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission ("**EEOC**") or the Missouri Commission on Human Rights ("**MCHR**") (although McGuire acknowledges that he will voluntarily dismiss the Complaint with prejudice, that he has not had an on-the-job injury for which he has not already filed a claim, and that he waives any right to recover money if any federal, state or local governmental agency, including but not limited to the MCHR or EEOC, pursues a claim on his behalf or on behalf of a class to which McGuire may belong), and (ii) claims for breach of or to enforce any of the provisions of this Agreement, provided that in an action on such claims under this subsection (b), the prevailing Party shall be entitled to recover their costs and reasonable attorneys' fees associated with the claims on which the Party prevails pursuant to Paragraph 14; and

2

(c) McGuire further understands and acknowledges that it is within his contemplation that he may have claims that he does not know of or suspect to exist in his favor at the time of executing this Agreement, and which, if known by McGuire, might have materially affected this Agreement, and McGuire does hereby expressly waive those claims.

4. Release and Discharge of McGuire. In consideration for the promises of McGuire contained in this Agreement, and as a material inducement for McGuire to enter into this Agreement, the Company hereby voluntarily and irrevocably releases, acquits, and forever discharges McGuire from any and all claims, demands, damages, liabilities, debts, judgments, expenses, actions, causes of action or suits of any nature whatsoever, that the Company may have had or may now have or could have in the future, whether known or unknown, whether anticipated or unanticipated, suspected or claimed, fixed or contingent, accrued or unaccrued, and whether damage has yet been suffered or not or unknown, which (i) were or could have been asserted by the Company against McGuire, and/or (ii) are based on any other matter, cause, or thing whatsoever between the Parties, through the Effective Date and/or (iii) relate to or arise out of any aspect of the relationship between the Company and McGuire through the Effective Date.

(a) However, the release in this Paragraph 4 does not include (i) claims that by law cannot be waived, and (ii) claims for breach of or to enforce any of the provisions of this Agreement, provided that in an action on such claims under this subsection (a), the prevailing Party shall be entitled to recover their costs and reasonable attorneys' fees associated with the claims on which the Party prevails pursuant to Paragraph 14; and

(b) The Company further understands and acknowledges that it is within its contemplation that it may have claims that it does not know of or suspect to exist in its favor at the time of executing this Agreement, and which, if known by it, might have materially affected this Agreement, and the Company does hereby expressly waive those claims.

5. Consideration.

(a) In consideration of the full, final, and complete settlement of all issues raised in this Agreement, and in exchange for the general release and other covenants made by McGuire as contained in this Agreement, and subject to McGuire's compliance with his obligations under this Agreement, the Company agrees to pay McGuire the gross settlement sum of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dollars ($▮▮▮▮▮), less applicable taxes and withholdings (the "**Settlement Payment**"). The Parties mutually understand and agree that the Company makes no representations or warranties concerning the tax impact or other effect of this Agreement and/or the Settlement Payment, and, further, that McGuire and/or his counsel is/are fully responsible for the payment of any taxes resulting from receipt of the Settlement Payment. McGuire further acknowledges that it is his responsibility to make the necessary tax payments on his behalf, if any may be required.

(b) The Settlement Payment shall be issued in two (2) lump sum checks issued within thirty (30) days after the Effective Date and the Company's receipt of any necessary IRS Form W-9's from McGuire and his counsel. The Settlement Payment shall further be issued as

3

follows:

    (i)    One (1) check made payable to "Paul McGuire" in the amount of  ($ ), less applicable taxes and withholdings, subject to an IRS Form W-2;

    (ii)    One (1) check made payable to "Bohrer Brady, LLC" in the amount of  ($ ), subject to an IRS Form 1099, which amount represents all fees and costs incurred on behalf of McGuire, including those incurred by Bohrer Brady, LLC, as well as McGuire's local counsel, Stueve Siegel Hanson, LLP; and

    (c)    Provide to any potential future employer of McGuire a neutral reference consisting of McGuire's dates of employment.

6.     <u>No Pending or Future Actions/Covenant Not to Sue</u>. As a material inducement for the Company to enter into this Agreement, and in consideration for the promises of the Company as set forth in this Agreement, McGuire represents and warrants that, other than the Complaint, he has not instituted and will not institute any claims, legal proceedings or actions against the Company, and promises never to file or solicit any lawsuit, charge, grievance, complaint or action, at law or in equity, in any court of the United States, in any state, or in any administrative agency of the United States or any state, county or municipality, or before any other tribunal, public or private, against the Company relating to or arising out of any of the matters released in this Agreement. If McGuire violates the promises expressed in the previous sentence, the Company may use this Agreement as a full and complete defense to any such lawsuit or other claim and also as a basis for an injunction against McGuire. McGuire further acknowledges that if any lawsuit or action is initiated by him against the Company in any forum, the Company shall have the sole and exclusive option either to (i) enforce this Agreement or (ii) rescind this Agreement. If rescinded, this Agreement shall have no force or effect and McGuire shall be obligated to return all but $2,000.00 of the Settlement Payment directed to McGuire. McGuire also acknowledges and agrees that this Agreement provides full, final, and complete relief for the claims released by this Agreement. McGuire will not accept any money or other relief if any other entity or person brings any action or claim within the scope of this Agreement against the Company on his behalf.

7.     <u>Dismissal of Complaint</u>. In consideration of the promises herein and the Settlement Payment, McGuire agrees and warrants that he will, no later than fourteen (14) days after receipt of the Settlement Payment, take all actions necessary to dismiss the Complaint with prejudice, and in compliance with Paragraph 6 of this Agreement, McGuire agrees never to reinstitute any grievance or other claim against the Company in any way related to the allegations in the Complaint, other than to enforce this Agreement.

8.     <u>Representations and Warranties</u>. McGuire represents and warrants that (i) he owns all rights, titles and interests to any claims released in this Agreement, (ii) he has not assigned or agreed to assign any such right, title, interest, claim, or cause of action, in whole or part, to any

other party, (iii) he has not assigned, agreed to assign, or purported to have assigned or agreed to assign any rights, titles, or interests in any claim or cause of action that would be part of the claims released in this Agreement, (iv) he has full power and authority to compromise, settle, extinguish, and release all such rights, titles, interests, claims, demands, actions, and causes of actions against the Company, (v) McGuire has been paid for all hours worked at the Company and all earned wages, benefits, commissions and final compensation has been paid to him by the Company and (vi) McGuire has not received any "opt in" consents to join the Complaint and that he is unaware of any other current or former employees of the Company that have joined, are intending to join or are filing their own lawsuit against the Company. McGuire agrees to indemnify and hold harmless the Company if he breaches any of the foregoing representations and warranties.

9. <u>No Admission of Wrongdoing</u>. Nothing herein shall be deemed to constitute an admission by the Company of any wrongdoing, liability, error or violation of federal, state, municipal or local law, regulation, order, ordinance, or policy through the date of this Agreement; but rather it is understood that the mutual forbearance and promises set forth in this Agreement are in compromise of disputed claims. Because no final findings or final judgments have been made, neither Party has nor will claim in the future to be a prevailing party, to any degree or extent.

10. <u>Assignment</u>. This Agreement is binding on, and shall inure to the benefit of, McGuire and his heirs and executors and the Company and its successors, assignees, heirs and executors, as the case may be.

11. <u>Modification and Waiver</u>. No modification, amendment, or waiver of any provision of this Agreement shall be effective unless approved in writing by the Parties. A Party's failure at any time to enforce any of the provisions of this Agreement shall in no way be construed as a waiver of such provision and shall not affect the right of such Party thereafter to enforce each and every provision hereof in accordance with its terms.

12. <u>Enforceability</u>. In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal, or unenforceable by a court of competent jurisdiction, the validity, legality, and enforceability of the remainder hereof shall not in any way be affected or impaired thereby, and any such provision or provisions shall be enforced to the fullest extent permitted by law. Moreover, if any one or more of the provisions contained in this Agreement is held to be excessively broad as to duration, scope, activity, or subject, such provisions will be construed by excising, limiting and/or reducing them so that this Agreement is enforceable to the maximum extent compatible with applicable law. Notwithstanding the foregoing, in the event that the releases in Paragraph 3 are held as invalid, illegal, or unenforceable, this Agreement shall, at the sole and exclusive election of the Company, be deemed null and void.

13. <u>Governing Law and Venue</u>. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Missouri, without reference to its conflict of law rules. The Parties hereby irrevocably consent to the jurisdiction of any state or federal court sitting in St. Louis, Missouri for purposes of any action or proceeding relating to or arising out of this Agreement and waive any objection to the venue in any such court.

14. <u>Attorneys' Fees</u>. If any Party brings any claim for breach of or to enforce any

5

41095490.3

provision of this Agreement, the prevailing Party shall be awarded its/his costs and reasonable attorneys' fees in connection with the claims on which he/it prevails.

15. <u>Notices</u>. All other notices or other communications hereunder shall be in writing and shall be sufficiently given for all purposes when received by the recipient when said notice is sent by any national express air courier (which courier shall maintain written verification of actual delivery), or by delivering the same in person to any Party hereto as follows:

| | |
|---|---|
| Paul McGuire<br>c/o Philip Bohrer<br>BOHRER BRADY, LLC<br>8712 Jefferson Highway, Suite B<br>Baton Rouge, LA 70809 | AutoAssure LLC<br>Attn: Suzanne Moon, General Counsel<br>400 Skokie Boulevard, Suite 105<br>Northbrook, IL 60062<br><br>With a copy to:<br>Steven Malitz<br>steven.malitz@saul.com |

Any Party may change the address for future notices by giving notice to the other Party of the new address in accordance with this Paragraph.

16. <u>Entire Agreement</u>. This Agreement represents the full and complete understanding of the Parties with respect to the subject matter herein, sets forth the entire understanding between the Parties and supersedes all prior agreements, representations, discussions, and understandings (whether written or oral) concerning the subject matter hereof. McGuire represents that in executing this Agreement, he has not relied upon any representation or statements made by the Company that is not set forth herein, with regard to the subject matter, basis or effect of this Agreement or otherwise.

17. <u>Counterparts</u>. This Agreement may be executed in counterparts which counterparts together shall have the same force and effect as a single original executed by each of the Parties hereto and signatures transmitted by facsimile or electronic transmission, such as a ".PDF" document transmitted through electronic mail, shall have the same force and effect as original signatures. The Parties specifically agree and authorize the use of electronic signatures for purposes of executing this Agreement.

18. <u>Interpretation</u>. If any provision in this Agreement requires judicial interpretation, the judicial body interpreting or construing such provision shall not apply the assumption that the terms hereof shall be more strictly construed against one Party which itself or through its agents prepares the same; the Parties hereby agreeing that all Parties and their agents have participated in preparation of this Agreement equally.

19. <u>Time to Consider</u>. McGuire is urged to consider this Agreement carefully and he acknowledges that he has been given a sufficient amount of time to decide whether to sign this Agreement and agrees that the consideration period is reasonable and adequate.

41095490.3

20. <u>Confidentiality</u>.

(a) McGuire acknowledges that he prefers the terms of this Agreement to be kept confidential and McGuire agrees to keep the terms of this Agreement strictly confidential. This restriction specifically includes, but is not limited to, the disclosure of the amount of the Settlement Payment. McGuire further agrees not to discuss the terms of this Agreement with any person other than his attorneys, tax consultants, immediate family members (provided they agree to comply with this obligation), anyone acting on his behalf as to this settlement, or as required under the law or as otherwise allowed pursuant to Paragraph 20(b) below.

(b) Notwithstanding the foregoing, nothing in this Paragraph 20 shall be deemed to preclude McGuire from communicating or cooperating with a duly authorized governmental agency or any other duly authorized governmental or administrative agency, or from in any way providing truthful testimony or information pursuant to a valid court order or similar legal process or cooperating with a duly authorized governmental agency, <u>provided</u>, <u>however</u>, that, unless otherwise restricted by law, McGuire will promptly notify the Company (as specified in Paragraph 15 above) in writing of such request or requirement. Likewise, nothing herein shall prohibit McGuire from making truthful statements about alleged unlawful employment practices.

(c) The Company agrees that the following individuals shall keep the terms of this Agreement strictly confidential: Suzanne Moon and Tim Ingram (collectively, "**Management**"). However, Management may discuss the terms of this Agreement within the Company as necessary to effectuate the Settlement Payment, Company business and operations, and may discuss the terms of this Agreement externally with the Company's accountants, tax consultants, and lawyers.

(d) For the sake of clarity, other than as specifically permitted in this Paragraph 20, neither Party may represent to any individual that he/it won any amount of money, whether or not that amount represents the true amount of the Settlement Payment.

(e) The Parties agree to work collaboratively and in good faith to prepare and file the necessary documents before the Court in order to make the material terms of this Agreement confidential, including but not limited to filing a Joint Motion to File Settlement Agreement Under Seal or similar documents necessary to effectuate the intent of the Parties hereto regarding keeping the material terms confidential.

21. <u>Mutual Drafting</u>. The Parties agree that neither Party shall be deemed to have drafted this Agreement. This Agreement is the product of a collaborative effort of the Parties and their respective counsel. This Agreement shall not be construed against any Party on the basis that such Party is the author of or is otherwise responsible for any of the language of this Agreement.

22. <u>Acknowledgments</u>. McGuire and the Company each agree and expressly acknowledge that this Agreement includes a waiver and release of all claims which McGuire has or may have against the Company. The following terms and conditions apply to and are part of the waiver and release of claims under this Agreement. McGuire, by his signature to this Agreement, warrants, acknowledges, understands, and agrees that:

7

41095490.3

(a) He has carefully read all of the terms of this Agreement and states that the Agreement is written in a manner calculated to be understood by him and which is understandable and clearly understood and he has entered into this Agreement knowingly and voluntarily;

(b) This Agreement expressly waives any and all rights or claims that McGuire may have against the Company;

(c) The waiver and release of claims contained in this Agreement does not cover rights or claims that may arise after the date on which McGuire signs this Agreement;

(d) McGuire's execution of this Agreement is made in exchange for consideration additional to anything of value to which he already may have been entitled;

(e) McGuire is hereby advised in writing to consult with an attorney prior to executing this Agreement, and he has done so; and

(f) McGuire acknowledges that he has been provided a reasonable period of time within which to consult with counsel of his own choosing prior to signing this Agreement and agreeing to its terms.

(g) This Agreement is effective upon the Court's approval of this Agreement, provided both McGuire and the Company have also executed the Agreement (the "**Effective Date**").

23. <u>No Encouragement of Claims</u>. McGuire will not encourage any person to file or prosecute a lawsuit, claim, or complaint against the Company or any of the parties released in this Agreement or otherwise circumvent the purpose and effect of this Agreement.

*[Signature Page Follows]*

41095490.3

IN WITNESS WHEREOF, Paul McGuire and AutoAssure LLC have duly executed this Agreement on the dates indicated below.

**PAUL MCGUIRE**

By:_____

Date:_____

**AUTOASSURE LLC**

By: *[signature]*_____

Its: CFO_____

Date: 2/15/2023_____

9

IN WITNESS WHEREOF, Paul McGuire and AutoAssure LLC have duly executed this Agreement on the dates indicated below.

| **PAUL MCGUIRE** | **AUTOASSURE LLC** |
|---|---|
| By: _/s/ Paul M_ (DocuSigned by: 198E7E3A039B460...) | By: _____ |
| Date: 2/13/2023 | Its: _____ |
| | Date: _____ |